HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITE HERE LOCAL 8,

    Plaintiff,

    v.

HOST INTERNATIONAL, INC.,

    Defendant.

CASE NO. C08-0133RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion (Dkt. # 14) from Plaintiff UNITE HERE Local 8 ("the Union") to confirm an arbitrator's award in a labor dispute with Defendant Host International, Inc. ("Host"). The court initially addressed this motion in a July 30 order (Dkt. # 20) requiring supplemental briefing from the parties. After several continuances, the parties have provided supplemental briefing. After considering that briefing, the court GRANTS the Union's motion and directs the clerk to enter judgment confirming the arbitrator's award.

## II. BACKGROUND & DISCUSSION

In July 2007, an arbitrator entered an opinion and award in favor of the Union in a dispute over Host's subleases to concession contractors at Seattle-Tacoma International

ORDER – 1

Airport. Host did not comply with the award. The Union brought suit in this court to confirm the award.

In the July 30 order, the court ruled that with one potential exception, Host had waived judicial review of the award by failing to timely challenge it. The parties should read this order in conjunction with the July 30 order, which the court incorporates by reference. The court held open the possibility that Host could demonstrate that the award should be remanded to the arbitrator for clarification. The court held that Host needed to make three showings to justify a remand: (1) that the request for remand did not seek relief that could have been raised in a timely petition to vacate, modify, or correct the award; (2) that the award was so indefinite or ambiguous that Host could not follow it; and (3) that Host either requested clarification directly from the arbitrator or was barred from doing so. The court permitted Host to submit a supplemental brief to make these showings.

Host fails to make any of the three showings. It flatly ignores the first and the third requirements, reasoning that because no statute of limitations governs a request for a clarifying remand, the court erred in imposing these requirements. The court set forth authority and reasoning regarding each of the three showings in the July 30 order. Host presents no reason for the court to reconsider its order, much less any reason that would satisfy the high standard governing motions for reconsideration. *See* Local Rules W.D. Wash. CR 7(h)(1) (requiring "manifest error" or "new facts or legal authority that could not have been brought to [the court's] attention earlier"). Host's failure to make two of the three showings that the July 30 order requires is reason enough to confirm the arbitrator's award.

Moreover, Host's complaints about the arbitrator's award are not evidence of legitimate confusion about the meaning of the award and a concomitant need for clarification, but rather the cries of a disappointed litigant. Host repeatedly contends that it cannot comply simultaneously with the parties' collective bargaining agreement

ORDER – 2

("CBE") and federal regulations that encourage contracts with disadvantaged business enterprises ("DBEs").[1] Host made the same argument at arbitration, and in post-arbitration briefing. The arbitrator rejected this contention. This does not render the award ambiguous. Host had the opportunity to challenge the arbitrator's view of those regulations in a timely petition to vacate, modify, or correct the award. Host waived the right by doing nothing.

Host also complains that the arbitrator did not specify how to comply with its award. That complaint might have resonance if there were a shred of evidence that Host had attempted to comply with the award and had its attempts rebuffed by the Union or another party with authority. Instead, Host provides no evidence that it has ever attempted to comply with the award. If a party could establish ambiguity by the simple expedient of not trying to comply with the award, then there would be no incentive to comply with an award with which a party disagreed.

As the court discussed at length in the July 30 order, the Federal Arbitration Act and authority interpreting it makes clear that federal courts are to interfere with arbitrator's awards only in limited circumstances. Host's plea for remand would trammel the arbitration for which the parties bargained, and reward a litigant who has unlawfully flouted the arbitrator's award while declining to timely exercise its options for challenging the award. If courts were obliged to remand awards to arbitrators in cases like this one, parties like Host could ignore awards, force the opposing party to pursue litigation, and be rewarded for their refusal to comply with the award by further delay in the form of remand.

The court holds that Host was required to raise its objections to the award in a timely petition to vacate, modify, or correct the award; that Host's pleas of ambiguity are

---

[1] The court uses the word "encourage" advisedly, because the regulation Host cites does not require anything, but simply encourages DBE contracting. The court would discuss this at length, but that would be inappropriate, because Host waived the right to object to the arbitrator's legal conclusion by failing to timely challenge it.

ORDER – 3

not well-founded, and that Host has no basis for having waited until its opposition to this motion to raise any defense to complying with the award. Under these circumstances, the court must confirm the arbitrator's award.

### III. CONCLUSION

For the reasons stated above, the court GRANTS the Union's motion (Dkt. # 14) and confirms the arbitrator's July 2007 award. The court directs the clerk to enter judgment in favor of the Union.

DATED this 16th day of October, 2008.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4